# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2010

No. 09-51016
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORENZO ARREDONDO-DUENAS, also known as Lorenzo Arredondo-Duenes,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1671-1

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Lorenzo Arredondo-Duenas (Arredondo) appeals the 77-month sentence he received following his guilty plea conviction for illegal reentry into the United States following deportation. He asserts that his sentence, despite being within the applicable guidelines range, was substantively unreasonable because it was greater than needed to accomplish the goals of 18 U.S.C. § 3553(a). He notes that the defense arguments at sentencing focused on his cultural assimilation and his improved character and prospects in Mexico.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Arredondo did not object to the imposed sentence as unreasonable, we review this claim for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Arredondo's disagreement with the within-guidelines sentence imposed does not suffice to rebut the presumption of reasonableness. *See Gall v. United States*, 552 U.S. 38, 51 2007; *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Additionally, Arredondo contends that the applicable guidelines range of 77-96 months in prison was too severe because U.S.S.G. § 2L1.2 was not empirically based. This court has consistently rejected Arredondo's "empirical data" argument. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). Additionally Arredondo has not established that this court may not apply a presumption of reasonableness to a sentence imposed within the applicable guidelines range. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Consequently, the judgment of the district court is AFFIRMED.